IN RE PABLO ANDINO ESPEJO, Respondent.

No. 67. Argued March 4, 1947.—Decided March 21, 1947.

*Pablo Andino, pro se, Alfonso Miranda,* and *Angel R. Suárez* for respondent. *Joaquín Correa Suárez, Assistant Prosecuting Attorney,* for The People.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the Court.

By a judgment rendered on June 17, 1945, this Court ordered the suspension of Attorney Pablo Andino Espejo from practice as an attorney and hence also as a notary for the term of two years. See *In re Andino,* 65 P.R.R. 126.

Upon examination of the notarial protocols of the respondent by District Judge Lacosta, the latter found numerous irregularities in said protocols which he specifically set forth in an official report that has been submitted to our consideration together with the complaint in the present case.

The irregularities set out in the complaint have been established by the evidence. Many of them were opportunely corrected by order of the district judge who examined the protocols. None of them involves the commission of fraud or of any public offense, nor has it been shown that any person has been prejudiced by the lack of care on the part of the notary. We do not deem it necessary to state in detail the numerous irregularities which appear in the notarial protocols of the respondent. It will be enough to say that all of them could have been corrected through disciplinary action by the judges who inspected the protocols.

The respondent notary has merited our censure for his failure to comply strictly with the provisions of the Notarial Law as to the form and manner in which the protocols should be made and kept. The observance of these provisions is necessary to uphold the prestige of the notarial profession and to make it worthy of public confidence and respect.

The respondent has delivered to the secretary of this Court the internal revenue stamps which, through errors of calculation, he failed to cancel on some of the deeds. The evidence does not show that these slight omissions were made by the respondent with the purpose of profiting by them. The stamps shall be delivered to the Keeper of the General Archives of the District in order that he may affix and cancel them on the corresponding documents. Since none of the charges brought against the respondent is sufficiently important to justify his removal from practice as an attorney and notary, the complaint should be sustained, but we will confine ourselves to censuring, as we have already done, the conduct of the respondent.

Mr. Justice Todd, Jr., did not participate herein.